**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PHILIP MORRIS INTERNATIONAL INC. SECURITIES LITIGATION | 18 Civ. 8049 (RA) |

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION

LATHAM & WATKINS LLP
James E. Brandt
Kevin M. McDonough
Jooyoung Yeu
885 Third Avenue
New York, New York 10022
(212) 906-1200

Andrew B. Clubok
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Kenneth J. Parsigian (*pro hac vice*)
200 Clarendon Street
Boston, Massachusetts 02116
(617) 948-6000

*Attorneys for Defendants Philip Morris*
*International Inc., André Calantzopoulos,*
*Martin G. King, Jacek Olczak, Manuel C. Peitsch,*
*Frank Lüdicke and Patrick Picavet*

March 3, 2020

# <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................1

BACKGROUND .................................................................................................3

LEGAL STANDARD...........................................................................................4

ARGUMENT ....................................................................................................5

    A.    Plaintiffs' Motion Fails Because It Does Not Dispute That The Court Properly Dismissed The CAC For Failure To Adequately Plead Scienter ..............5

    B.    There Is No Basis To Reconsider Dismissal Of The Item 303 and 503 Claims ............................................................................................6

    C.    There Is No Basis To Reconsider The Court's Determination That The "Horizon" Statement Is Non-Actionable .................................................8

    D.    There Was No Manifest Injustice In Dismissing The Majority Of The CAC With Prejudice .............................................................................10

CONCLUSION................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Cielo Creations, Inc. v. Gao Da Trading Co.*,
2004 WL 1857556 (S.D.N.Y. Aug. 18, 2004)..............................................................6

*City of Roseville Emps.' Ret. Sys. v. EnergySolutions, Inc.*,
814 F. Supp. 2d 395 (S.D.N.Y. 2011).........................................................................8

*Execu/Search Grp., Inc. v. Nichols*,
2008 WL 5210020 (S.D.N.Y. Dec. 12, 2008) .............................................................2

*Gissin v. Endres*,
739 F. Supp. 2d 488 (S.D.N.Y. 2010).........................................................................9

*Go v. Rockefeller Univ.*,
2008 WL 619039 (S.D.N.Y. Mar. 6, 2008) ...............................................................11

*Hayden v. County of Nassau*,
180 F.3d 42 (2d Cir. 1999).......................................................................................12

*Hogan-Cross v. Metro. Life Ins. Co.*,
568 F. Supp. 2d 410 (S.D.N.Y. 2008).........................................................................5

*In re Barrick Gold Corp. Sec. Litig.*,
341 F. Supp. 3d 358 (S.D.N.Y. 2018).......................................................................12

*In re Bristol-Myers Squibb Sec. Litig.*,
312 F. Supp. 2d 549 (S.D.N.Y. 2004).......................................................................10

*In re Crude Oil Commodity Litig.*,
2007 WL 2589482 (S.D.N.Y. Sept. 7, 2007)..........................................................2, 11

*In re Gildan Activewear, Inc. Sec. Litig.*,
2009 WL 4544287 (S.D.N.Y. Dec. 4, 2009) .............................................................11

*In re Initial Pub. Offering Sec. Litig.*,
399 F. Supp. 2d 298 (S.D.N.Y. 2005).........................................................................5

*In re Supercom Inc. Sec. Litig.*,
2018 WL 4926442 (S.D.N.Y. Oct. 10, 2018) .............................................................9

*In re Tamoxifen Citrate Antitrust Litig.*,
466 F.3d 187 (2d Cir. 2006).......................................................................................1

*In re Vivendi, S.A. Sec. Litig.*,
  838 F.3d 223 (2d Cir. 2016)..................................................................................9

*Iowa Pub. Emps.' Ret. Sys. v. Deloitte & Touche LLP*,
  973 F. Supp. 2d 459 (S.D.N.Y. 2013), *aff'd*, 558 F. App'x 138 (2d Cir. 2014)......................1

*Lesch v. United States*,
  372 F. App'x 182 (2d Cir. 2010) ..........................................................................5

*Levin v. Credit Suisse Inc.*,
  577 F. App'x 85 (2d Cir. 2014) ............................................................................6

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
  797 F.3d 160 (2d Cir. 2015)................................................................................11

*Ong v. Chipotle Mexican Grill, Inc.*,
  2017 WL 933108 (S.D.N.Y. Mar. 8, 2017) ......................................................7, 8

*Ong v. Chipotle Mexican Grill, Inc.*,
  329 F.R.D. 43 (S.D.N.Y. 2018) ...........................................................................1

*Plumbers & Steamfitters Local 137 Pension Fund v. Am. Express Co.*,
  2017 WL 4403314 (S.D.N.Y. Sept. 30, 2017), *aff'd sub nom. Pipefitters
  Union Local 537 Pension Fund v. Am. Express Co.*, 773 F. App'x 630 (2d Cir.
  2019) .................................................................................................................7

*Porat v. Lincoln Towers Comm. Ass'n*,
  464 F.3d 274 (2d Cir. 2006).................................................................................12

*Robinson v. Disney Online*,
  152 F. Supp. 3d 176 (S.D.N.Y. 2015)...........................................................2, 5, 10

*S.E.C. v. Zubkis*,
  2005 WL 1804299 (S.D.N.Y. July 28, 2005) .....................................................9

*Shrader v. CSX Transp. Inc.*,
  70 F.3d 255 (2d Cir. 1995)..................................................................................5

*Singh v. Schikan*,
  2015 WL 4111344 (S.D.N.Y. June 25, 2015) ...................................................11

*Taylor v. Sheltered Workshop for the Disabled, Inc.*,
  413 F. App'x 367 (2d Cir. 2011) .........................................................................6

*Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co.*,
  2011 WL 1347001 (S.D.N.Y. Apr. 4, 2011), *aff'd*, 495 F. App'x 129 (2d Cir.
  2012) ..................................................................................................................5

Defendants Philip Morris International Inc. ("PMI" or the "Company"), André Calantzopoulos, Martin G. King, Jacek Olczak, Manuel C. Peitsch, Frank Lüdicke and Patrick Picavet (collectively, "Defendants") respectfully submit this Opposition to Plaintiffs' Motion for Partial Reconsideration ("Motion") of the Court's February 4, 2020 Opinion & Order (Dkt. 123, "Order") granting Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint (Dkt. 92, "CAC").

## PRELIMINARY STATEMENT[1]

Plaintiffs' Motion is nothing more than an improper attempt to rehash arguments already made and rejected, and it should be denied. Plaintiffs do not point to a single change of fact or law, or a manifest showing that the Court failed to consider material presented to it in dismissing Plaintiffs' claims. Instead, Plaintiffs' motion for "partial" reconsideration of the Court's Order employs the "obviously inappropriate" strategy of merely "reiterat[ing] arguments made previously, and unsuccessfully, in opposing the prior motion to dismiss." *Ong v. Chipotle Mexican Grill, Inc.*, 329 F.R.D. 43, 51 (S.D.N.Y. 2018). But simply disagreeing with the Court's lengthy, reasoned rulings on certain issues that the parties briefed and argued extensively—while ignoring others—cannot justify the "extraordinary remedy of reconsideration." *Iowa Pub. Emps.' Ret. Sys. v. Deloitte & Touche LLP*, 973 F. Supp. 2d 459, 462-63 (S.D.N.Y. 2013), *aff'd*, 558 F. App'x 138 (2d Cir. 2014).

The Court dismissed the CAC on two primary grounds: failure to plead an actionable false misstatement or omission, and failure to adequately allege scienter, *i.e.*, fraudulent intent. In their Motion, Plaintiffs challenge certain of the Court's falsity rulings, but they do not challenge the Court's scienter ruling, which was an independent basis for dismissal of the CAC. That alone

---

[1] Unless otherwise indicated, citations and quotations are omitted, and emphasis is added.

warrants denial of the Motion.  *See Execu/Search Grp., Inc. v. Nichols*, 2008 WL 5210020, at \*1-2 (S.D.N.Y. Dec. 12, 2008) (denying motion for reconsideration that "fail[ed] to address an independent basis for the court's decision").  Moreover, none of the arguments Plaintiffs do make in their Motion comes close to justifying reconsideration.

Plaintiffs argue first that the Court erred as a matter of law with respect to certain aspects of its holding that the CAC failed to identify any actionable false or misleading statements.  But Plaintiffs cannot muster any fact or controlling authority that the Court overlooked with respect to the holdings Plaintiffs challenge, and the Court should reject Plaintiffs' attempt "to take another bite at the apple" with respect to Defendants' motion to dismiss.  *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2015) (denying reconsideration where movant "repackag[ed] arguments that this Court has already rejected, and improperly s[ought] to advance new—and unconvincing—theories").

Plaintiffs' next argument that it was "manifest injustice" for the Court to dismiss the majority of the CAC with prejudice likewise fails.  The CAC was the third complaint filed by co-lead counsel (and the fifth overall), and it significantly expanded on Plaintiffs' original allegations and claims; Plaintiffs expressly declined to amend their pleading after evaluating Defendants' opening brief in support of their motion to dismiss; Plaintiffs' sole request for leave to amend was a footnote in their Opposition; and even now Plaintiffs have not proffered an amended complaint containing any purported new "facts."  In these circumstances, and given the "fraud by hindsight" nature of Plaintiffs' theory of liability and their reliance on statements that are inactionable as a matter of law, it was appropriate for the Court to dismiss much of the CAC with prejudice, and the Court "did not overlook any controlling authority" in doing so.  *In re Crude Oil Commodity Litig.*, 2007 WL 2589482, at \*3 (S.D.N.Y. Sept. 7, 2007).

For all of these reasons, Plaintiffs' Motion for Partial Reconsideration should be rejected.

## BACKGROUND

This litigation began in December 2017 with the filing of a complaint in the District of New Jersey asserting putative class claims under the Securities Exchange Act of 1934 (the "Exchange Act") relating to PMI's statements about the potential for IQOS to reduce the risk of harm compared to smoking cigarettes and the scientific studies underpinning the Company's applications for FDA approval (the "New Jersey Action"). *Rubenstahl v. PMI et al.*, No. 2:17-cv-13504 (D.N.J.). Union Asset Management Holding AG ("UAM") and Pomerantz LLP were unopposed as lead plaintiff and lead counsel in the New Jersey Action. *Id.*, Dkt. 26. On September 4, 2018, Robbins Geller Rudman & Dowd (co-lead counsel in this action) filed a separate complaint in this Court, asserting Exchange Act claims on behalf of a different putative class and based on alleged misstatements regarding the performance of IQOS in Japan. Dkt. 1, 9. Two additional complaints were then filed in this Court, one of which combined both putative class periods and theories (the IQOS science and potential for reduced risk and the performance of IQOS in Japan). *Greater Pennsylvania Carpenters' Pension Fund v. PMI et al.*, No. 1:18-cv-08814-RA, Dkt. 1; *Gilchrist v. PMI et al.*, No. 1:18-cv-09856-RA, Dkt. 1. In October 2018, Pomerantz, on behalf of UAM, moved to intervene in both this action and the *Greater Pennsylvania* action (Dkt. 22), and then asked the Court to deem that motion effective as to *Gilchrist* as well (Dkt. 34).

On February 25, 2019, the Court appointed Teamsters Local 710 Pension Fund and UAM as co-lead plaintiffs, and Pomerantz and Robbins Geller as co-lead counsel. Dkt. 82. Plaintiffs filed the CAC on May 10, 2019, more than 15 months after the New Jersey Action was filed and 8 months after the first complaint was filed in this Court. Dkt. 92. The CAC, the third complaint filed by co-lead counsel, amended the initial complaint filed in this Court in several, significant ways: it asserted claims against three additional Individual Defendants; it broadened the proposed

3

class period by more than 18 months; it alleged an entirely new theory of liability related to statements about PMI's clinical studies of IQOS; and it set forth more than 100 additional pages of allegations.

Defendants moved to dismiss the CAC on July 12, 2019, and in doing so extensively addressed the specific issues and arguments on which Plaintiffs now request reconsideration.  Dkt. 109 ("Defs' MTD").  Pursuant to Rule 4.C of the Court's Individual Rules, Plaintiffs informed the Court on July 26, 2019 that they would "rely on the current pleading" and not file an amended complaint.  Dkt. 110.  After the close of briefing, the Court held oral argument on the motion to dismiss, during which counsel for both parties responded to specific questions about Plaintiffs' claims related to statements regarding IQOS's performance in Japan, and Plaintiffs' counsel had ample opportunity to advocate their position on those issues.  *See generally* Dkt. 120.  At no point during the hearing did Plaintiffs request leave to amend any of their claims.  *See id.*

On February 4, 2020, the Court issued a 42-page Order dismissing Plaintiffs' claims with prejudice, except those relating to four of PMI's IQOS studies, which it granted Plaintiffs leave to replead.  Dkt. 123.  In its Order, the Court thoroughly analyzed Plaintiffs' allegations and arguments, including those Plaintiffs now attempt to reargue, *id.* at 1-14, 16-18, 32-34 & n.8, 36. Plaintiffs now move for partial reconsideration of the Order, arguing that the Court erred in "four discrete" rulings:  (i) the dismissal of Plaintiffs' Item 303 claim, (ii) the dismissal of Plaintiffs' Item 503 claim, (iii) the determination that Mr. Calantzopoulos's comment about what was "in the horizon" was non-actionable, and (iv) the dismissal of the majority of the CAC with prejudice.

## LEGAL STANDARD

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005); *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir.

1995).  Granting reconsideration is warranted only if Plaintiffs show that "the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Hogan-Cross v. Metro. Life Ins. Co.*, 568 F. Supp. 2d 410, 413 (S.D.N.Y. 2008).  "Controlling decisions" are "decisions from the United States Court of Appeals for the Second Circuit," not decisions from other circuits or district courts.  *Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co.*, 2011 WL 1347001, at *1 (S.D.N.Y. Apr. 4, 2011), *aff'd*, 495 F. App'x 129 (2d Cir. 2012).  A motion for reconsideration is not an opportunity for a disappointed litigant to "reargue his previously submitted claims."  *Lesch v. United States*, 372 F. App'x 182, 183 (2d Cir. 2010).  That is, "[a] party making a motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings, much less rehash arguments already made and rejected."  *Disney Online*, 152 F. Supp. 3d at 185.

## ARGUMENT

### A.  Plaintiffs' Motion Fails Because It Does Not Dispute That The Court Properly Dismissed The CAC For Failure To Adequately Plead Scienter

As an initial matter, Plaintiffs' Motion fails because it does not even address, let alone dispute, that the CAC failed to adequately allege scienter, which was an independent basis for the Court's dismissal.  *See* Order at 36 (agreeing that "the CAC must be dismissed for the independent reason that Plaintiffs have failed to sufficiently plead that any Defendant acted with the requisite scienter").  This concession alone warrants denial of their motion for reconsideration.  *See, e.g.*, *Levin v. Credit Suisse Inc.*, 577 F. App'x 85, 86 (2d Cir. 2014) (affirming denial of motion for

reconsideration because plaintiff did not challenge the court's alternative ground for dismissal).[2]
In any event, as discussed below, none of the arguments Plaintiffs make in the Motion justifies
reconsideration of the Court's Order.

**B.      There Is No Basis To Reconsider Dismissal Of The Item 303 and 503 Claims**

Plaintiffs challenge the Court's dismissal of their Item 303 and 503 claims, but offer no
valid basis for doing so.  Their arguments against dismissal of both claims rest entirely on the
following excerpt of a much longer statement Mr. King made on PMI's April 19, 2018 earnings
call:

> We're anticipating that we would reach some sort of a plateau later in the year,
> given that we knew the consumer dynamics that we had -- close to saturating the
> early adopters and innovators.  It's just coming a bit earlier in the year than what
> we had foreseen.

*See* Mot. at 5 (citing CAC ¶ 143).  Plaintiffs claim that this comment somehow constitutes an
admission that Defendants knew of—and failed to disclose—an anticipated slowdown in demand
for IQOS when they filed their Form 10-K on February 13, 2018—more than two months prior to
Mr. King's comment.  *See* Mot. at 5-6.  This argument, which simply repackages the same
assertions the Court already rejected (Order at 34), comes nowhere close to justifying the
"extraordinary" remedy of reconsideration of the Item 303 and Item 503 claims.

As the Court correctly held, Plaintiffs' Item 303 claim fails because PMI disclosed the very
uncertainty Plaintiffs claim was concealed, *i.e.*, that PMI "might not succeed in [their] efforts" "to
"convince current adult smokers . . . to switch to [ ] RRPs," in a landscape where the Company
"compete[s] . . . increasingly [on] adult smoker willingness to convert to our RRPs."  Order at 34

---

[2] *See also Taylor v. Sheltered Workshop for the Disabled, Inc.*, 413 F. App'x 367, 368 (2d Cir.
2011); *Cielo Creations, Inc. v. Gao Da Trading Co.*, 2004 WL 1857556, at *1 (S.D.N.Y. Aug. 18,
2004).

& n.8 (citing Dkt. 108-3 (2017 10-K) at 7-9).  Further, contrary to Plaintiffs' assertion that "the Court did not address [their] 'known uncertainty' allegations at all," Mot. at 6, the Court made clear that Plaintiffs "plead[ed] no facts demonstrating that the Company did not actually believe these [February 2018] statements when they were made" and therefore could not plead that Defendants were "anticipating a plateau" when they made their Item 303 disclosures.  *See* Order at 34, 36 (deeming arguments to the contrary an attempt to plead "fraud by hindsight").  Indeed, Mr. King made clear during the earnings call that PMI had been "anticipating a substantial surge" of IQOS sales in Japan, and the Company even shipped additional IQOS devices to Japan consistent with that expectation.  *See* Defs' MTD at 10-11 (citing Dkt. 108-22, Earnings Call Tr. (Apr. 19, 2018) at 8); Defs' Reply (Dkt. 116) at 9-10.

Accordingly, there was no "clear error of law" in the Court's conclusion that PMI disclosures satisfied Item 303,[3] and Plaintiffs do not identify any controlling authority the Court overlooked.  Plaintiffs' Item 303 cases do not appear at all in their Opposition, and in any event, they stand for the simple proposition that plaintiffs asserting violations of Item 303 must allege particularized facts that the defendants have actual knowledge of an allegedly undisclosed trend. Mot. at 6 (citing cases).  That is precisely the test that Plaintiffs failed here, Order at 34, and a rehash of the CAC's conclusory allegations in the form of a motion for reconsideration, Mot. at 4, cannot salvage Plaintiffs' Item 303 claims.

---

[3] *See, e.g.*, *Plumbers & Steamfitters Local 137 Pension Fund v. Am. Express Co.*, 2017 WL 4403314, at \*19 (S.D.N.Y. Sept. 30, 2017), *aff'd sub nom. Pipefitters Union Local 537 Pension Fund v. Am. Express Co.*, 773 F. App'x 630 (2d Cir. 2019) (disclosure that "[w]e also face substantial and increasingly intense competition" adequately "described the trend" and that "Item 303 requires no more"); *Ong v. Chipotle Mexican Grill, Inc.*, 2017 WL 933108, at \*10 (S.D.N.Y. Mar. 8, 2017) (disclosure that company was possibly "at a higher risk for food-borne illness outbreaks" was sufficient under Item 303).

Plaintiffs' attempt to re-litigate the merits of their Item 503 claim fails for the same reasons. As described above, Defendants' public filings candidly disclosed that that the Company "compete[s] . . . increasingly [on] adult smoker willingness to convert to our RRPs" and it may not succeed in doing so, which "defeats Plaintiffs' claim of a violation of Items 303 and 503 of Regulation S-K."  Order at 34 & n.8; *see also* Dkt. 108-3 (2017 10-K) at 8-9 ("[t]o be successful, we must . . . . convince adult smokers to convert to our RRPs").  Unlike in the sole, non-binding district court case cited by Plaintiffs in their Motion—which found "a violation of Item 503 where known risks were not sufficiently described," Mot. at 8 (citing *City of Roseville Emps.' Ret. Sys. v. EnergySolutions, Inc.*, 814 F. Supp. 2d 395, 427 (S.D.N.Y. 2011))—PMI's upfront disclosures defeat any claimed violation of Item 503.  *See Ong*, 2017 WL 933108, at *11 (dismissing Item 503 claim where the "disclosures regarding its risks [ ] were company-specific and related to the direct risks it uniquely faced"); Order at 34 n.8.

Plaintiffs' argument fails for the additional reason that, as the Court correctly held, the CAC failed to plead particularized facts showing that Defendants had knowledge in February 2018 of a "then-present risk" of a plateau in device sales, let alone that such a plateau was "one of the most significant" risks facing the Company at the time.  Order at 34 n.8 (citing *Ong*, 2017 WL 933108, at *10).  In any event, Plaintiffs do not identify any controlling law or evidence that the Court overlooked regarding their Item 503 claim, and Plaintiffs' Motion thus should be denied.

### C.    There Is No Basis To Reconsider The Court's Determination That The "Horizon" Statement Is Non-Actionable

Plaintiffs argue that the Court erred in holding that Mr. Calantzopoulos made a forward-looking statement when he commented, in response to an analyst question about secular trends in the overall tobacco market in Japan, that "we have our own projection for total market in Japan, including obviously HeatSticks.  And there's nothing in the horizon that would affect – that would

cause any change in what happened in the previous years." Mot. at 9; CAC ¶ 283. But Plaintiffs already made this argument in their Opposition (Dkt. 115, Pl. Opp. to Mot. to Dismiss, at 17-19), and the Court correctly rejected it.

Rather than identify any relevant fact or controlling authority the Court overlooked (which they cannot do), Plaintiffs simply insist that Mr. Calantzopoulos's statement is either not forward-looking or is a mixed statement because it included a present tense component.[4] Mot. at 9-10. But when the statement is read in full, it is clear that Mr. Calantzopoulos was providing his outlook on the future of the overall Japan market, which is a classically forward-looking statement that is protected by the PSLRA safe harbor. Order at 33. Further, as courts have recognized, forward-looking statements necessarily incorporate the speaker's "current understanding," which in no way limits the applicability of the safe harbor, and vague present tense portions of forward-looking statements are not actionable as stand-alone assertions. *See, e.g.*, *In re Supercom Inc. Sec. Litig.*, 2018 WL 4926442, at *21 (S.D.N.Y. Oct. 10, 2018) (safe harbor applied to statement that defendants had "all the information in hand" to support a future projection); *Gissin v. Endres*, 739 F. Supp. 2d 488, 505 (S.D.N.Y. 2010) ("assertions of current fact in the statements proffered as fraudulent . . . refer to the present only as a means for gauging future possibilities"). Plaintiffs' non-controlling authorities, *see* Mot. at 9, do not hold otherwise.[5]

Plaintiffs also assert that Mr. Calantzopoulos's statement was actionable because it omitted

---

[4] Plaintiffs' "mixed statement" argument "was not put before the Court in the underlying motion," and thus "is not properly considered on a motion for reconsideration." *See S.E.C. v. Zubkis*, 2005 WL 1804299, at *1 (S.D.N.Y. July 28, 2005).

[5] Plaintiffs rely on six cases—four of which they never cited previously, and five of which are either from the district court level or from the Ninth Circuit, Mot. 9-10, and therefore cannot support a motion for reconsideration. They offer just one case from the Second Circuit, *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 246 (2d Cir. 2016), which they rely on only for the general proposition that "a statement may contain some elements that look forward and others that do not" and they "may be severable." *Id.* at 10.

Defendants' "awareness of an impending plateau in demand resulting from the near-saturation of the youth market in Japan." Mot. at 10. This argument fails on several grounds. For one thing, the Court directly addressed this "fraud by hindsight" argument, Order at 16-17, yet Plaintiffs' Motion ignores the Court's reasoning and simply regurgitates their prior, insufficient arguments. That is not a valid basis upon which to seek reconsideration. *See, e.g.*, *Disney Online*, 152 F. Supp. 3d at 185. Further, Mr. Calantzopoulos's statement is non-actionable because it was true. Mr. Calantzopoulos said he saw nothing in the horizon that caused him to expect changes to the "total market" in Japan from a "secular perspective"—*i.e.*, how the conventional cigarette market was contracting or expanding as compared to the RRP market. Plaintiffs do not (and cannot) dispute that there was no secular change in the total market in Japan. *See In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 557 (S.D.N.Y. 2004) (securities claims "may not rely upon statements that are true"). Rather, they again offer the same convoluted and counter-textual interpretation of Mr. Calantzopoulos's statement, which the Court already rejected. The "horizon" comment is not actionable for the reasons the Court already explained, Order at 33-34, and no reconsideration of that conclusion is warranted.

### D.   There Was No Manifest Injustice In Dismissing The Majority Of The CAC With Prejudice

Next, Plaintiffs argue the Court's dismissal with prejudice as to the majority of the CAC constituted "manifest injustice" because the Court's Order was its "first formal effort to address the adequacy of any complaint in this action." Mot. at 11. But Plaintiffs provide no sound basis for reconsideration, nor for their request for leave to amend.

*First*, Plaintiffs never properly requested leave to amend before filing the present motion, and the Court therefore has no obligation to provide the extraordinary remedy of reconsidering its decision to dismiss certain claims with prejudice. Plaintiffs' only prior reference to possibly

amending the CAC is a boilerplate footnote stuck at the very end of the Opposition requesting leave to amend in the event the Court granted the motion.  Dkt. 115, Pl. Opp. to Mot. to Dismiss, at 35 n.35.  As the Second Circuit has held, "[i]t is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss."  *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006); *see also Crude Oil*, 2007 WL 2589482, at *3 (plaintiffs failed "to properly present the issue now raised" where their "purported request for leave to amend was contained within a footnote in their opposition brief").  Moreover, unlike in their inapposite authority, *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015), Plaintiffs had an opportunity to amend the CAC (which itself was a lengthy amended complaint filed over one year after the start of this litigation, and the third complaint by co-lead counsel) after Defendants filed their motion to dismiss.  But Plaintiffs informed the Court that they would stand on the CAC, notwithstanding Defendants' extensive and well-supported arguments challenging the sufficiency of Plaintiffs' pleading. Dkt. 110.  In these circumstances, no further amendment is warranted.[6]

     *Second*, even if the Court were to consider Plaintiffs' request—and it should not—any request for leave to amend should be denied because Plaintiffs offer no basis for the Court to exercise its discretion to permit them to file another amended complaint.  Indeed, Plaintiffs have not provided the Court with a copy of their proposed amended pleading, as required.  *Crude Oil*, 2007 WL 2589482, at *4; *see also, e.g.*, *Go v. Rockefeller Univ.*, 2008 WL 619039, at *4 (S.D.N.Y.

---

[6] *See also Singh v. Schikan*, 2015 WL 4111344, at *1 (S.D.N.Y. June 25, 2015) (denying motion for reconsideration regarding leave to amend where, as here, the dismissed complaint significantly expanded the original complaint and was filed by the same attorneys who filed the original complaint, and plaintiffs declined to seek leave to replead on prior occasions, including after seeing defendants' opening brief, except through a cursory footnote at the end of their opposition); *In re Gildan Activewear, Inc. Sec. Litig.*, 2009 WL 4544287, at *5 (S.D.N.Y. Dec. 4, 2009) (same).

Mar. 6, 2008).  In fact, Plaintiffs provide no detail at all on how they propose to cure the defects identified by this Court and meet the stringent pleading requirements applicable to their federal securities law claims.  They instead merely offer the vague assertion that they "intend" to "allege facts" to support their claims.  Mot. at 12.  But a plaintiff is not entitled to replead "whenever he has indicated a desire to amend his complaint, notwithstanding the failure of plaintiff's counsel to make a showing that the complaint's defects can be cured."  *Porat v. Lincoln Towers Comm. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006); *see also Hayden v. County of Nassau*, 180 F.3d 42, 53-54 (2d Cir. 1999).

In any event, Plaintiffs cannot cure the numerous defects that render Defendants' statements inactionable as a matter of law.  *See* Order at 22-24, 34-36; *see, e.g.*, *In re Barrick Gold Corp. Sec. Litig.*, 341 F. Supp. 3d 358, 381 (S.D.N.Y. 2018) ("Plaintiffs make a token request for leave to amend in their opposition . . . but we conclude that leave to amend would be futile here given the fundamental substantive problems in plaintiffs' allegations," which do not identify false or misleading statements or justify non-application of the PSLRA safe harbor).

## <u>CONCLUSION</u>

For the reasons set forth herein, the Court should deny Plaintiffs' Motion.

Dated: New York, New York          Respectfully submitted,
       March 3, 2020

                                       LATHAM & WATKINS LLP

                                       By:   /s/ James E. Brandt
                                               James E. Brandt
                                             Kevin M. McDonough
  Jooyoung Yeu
  885 Third Avenue
  New York, New York 10022
  (212) 906-1200
  james.brandt@lw.com
  kevin.mcdonough@lw.com
  jooyoung.yeu@lw.com

  Andrew B. Clubok
  555 Eleventh Street, NW, Suite 1000
  Washington, D.C. 20004
  (202) 637-2200
  andrew.clubok@lw.com

  Kenneth J. Parsigian (*pro hac vice*)
  200 Clarendon Street
  Boston, Massachusetts 02116
  (617) 948-6000
  kenneth.parsigian@lw.com

  *Attorneys for Defendants Philip Morris International Inc., André Calantzopoulos, Martin G. King, Jacek Olczak, Manuel C. Peitsch, Frank Lüdicke and Patrick Picavet*